Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jason Powell;<br><br>   Plaintiff,<br><br>v.<br><br>I.C. System, Inc.;<br><br>   Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I.   Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA").  Plaintiff seeks an award of statutory damages, actual damages, court costs and attorney's fees.

**II.   Statutory Structure of FDCPA**

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate

- 2 -

|   |   |
|---|---|
| 1 | commerce or the mails in any business the |
| 2 | principal purpose of which is the collection of |
| 3 | any debts, or who regularly collects or attempts |
| 4 | to collect, directly or indirectly, debts owed or |
| 5 | due or asserted to be owed or due to another. |
| 6 | FDCPA § 1692a(6). |
| 7 | 7.  Any debt collector who fails to comply with the |
| 8 | provisions of the FDCPA is liable for any actual |
| 9 | damage sustained; statutory damages up to $1,000; |
| 10 | attorney's fees as determined by the Court and |
| 11 | costs of the action. FDCPA § 1692k. |

**III.   JURISDICTION**

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

**IV.   PARTIES**

9. Plaintiff is an individual residing in Maricopa County, Arizona.

10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).

11. Defendant I.C. System, Inc. ("ICS") is an

- 3 -

|   |   |
|---|---|
| 1 | Minnesota collection agency registered to do |
| 2 | business in Arizona. |
| 3 | 12. ICS is licensed as a collection agency by the |
| 4 | Arizona Department of Financial Institutions, |
| 5 | license number 0014528. |
| 6 | 13. ICS collects or attempts to collect debts owed or |
| 7 | asserted to be owed or due another. |
| 8 | 14. ICS is a "debt collector" as that term is defined |
| 9 | by FDCPA § 1692a(6). |

**V.  FACTUAL ALLEGATIONS**

15. In November 2006, Plaintiff entered into a rental agreement for a water treatment system with Boyett Family Rayne Water (hereinafter "Boyett").
16. The Boyett rental was for family and household purposes.
17. In or about 2008, Plaintiff allegedly defaulted on his rental agreement with Boyett.
18. In or about July 2009, Boyett assigned a debt allegedly owed by Plaintiff to ICS for collection purposes.
19. On or about July 27, 2009, ICS mailed or caused to be mailed a letter to Plaintiff concerning the Boyett debt.  (A copy of the July 27, 2009 letter is attached hereto as Exhibit A).
20. In Exhibit A, ICS represented to Plaintiff that

- 4 -

      the total amount due and owing was $207.60, which included total interest charges of $27.60 and a "Collection Charge Due" of $50.00.

21. On or about September 8, 2009, ICS mailed or caused to be mailed a letter to Plaintiff concerning the Boyett debt. (A copy of the September 8, 2009 letter is attached hereto as Exhibit B).

22. In Exhibit B, ICS represented that the balance due and owing on the account was $193.18, which included total interest charges of $13.18, and a "Collection Charge Due" of $50.00.

23. In Exhibit B, ICS also stated that "Our client has authorized us to refer this account to an attorney for further collection efforts if this debt is not paid."

24. In Exhibit B, ICS falsely threatened legal action if the account is not paid "TODAY" or arrangements are not made to pay the debt.

25. Upon information and belief, ICS had no authority at the time it mailed Exhibit B to bring legal action against Plaintiff concerning the Boyett debt.

26. Upon information and belief, ICS had no intention of bringing legal action against Plaintiff to

1  collect the Boyett debt at the time it mailed
2  Exhibit B.
3  27. On February 17, 2010, Plaintiff through his
4  attorney requested that ICS provide the basis for
5  the "Collection Charge Due" of $50.00, and if
6  based upon a contract, to provide a copy of that
7  contract.
8  28. ICS responded to the February 17, 2010 letter on
9  April 7, 2010 with a letter and a copy of the
10  rental agreement between Plaintiff and Boyett.
11  29. The rental agreement provided by ICS did not
12  expressly provide for the "Collection Charge Due"
13  of $50.00 which ICS was attempting to collect from
14  Plaintiff.
15  30. Another letter was sent to ICS by Plaintiff's
16  attorney on April 19, 2010 asking for a
17  clarification of the basis for the "Collection
18  Charge Due" of $50.00.
19  31. ICS responded to the April 19, 2010 letter on May
20  26, 2010 by once again sending a copy of the
21  rental agreement between Plaintiff and Boyett.
22  32. Despite knowing there was no express provision in
23  the rental agreement for the addition of a
24  "Collection Charge" of $50.00, ICS continued to
25  demand payment of this charge in both its letters

1    dated April 7, 2010, and May 26. 2010.
2  33. Upon information and belief, ICS had no legal or
3    contractual basis to collect or attempt to collect
4    the "Collection Charge Due" of $50.00.
5  34. ICS failed to state in Exhibit A the correct
6    "amount of the debt" allegedly owed as required by
7    FDCPA § 1692g(a)(1).
8  35. ICS's actions set forth herein were intentional,
9    willful, and in gross or reckless disregard of
10   Plaintiff's rights and part of its persistent and
11   routine practice of debt collection.
12 36. In the alternative, Defendant's actions were
13   negligent.

## VI.  Causes of Action

### a.  Fair Debt Collection Practices Act

16 37. Plaintiff repeats, realleges, and incorporates by
17    reference the foregoing paragraphs.
18 38. Defendant's violations of the FDCPA include, but
19    are not necessarily limited to, 15 U.S.C. §§
20    1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1),
21    and 1692g.

## VII.  DEMAND FOR JURY TRIAL

23   Plaintiff hereby demands a jury trial on all
24 issues so triable.

**VIII.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)   Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b)   Costs and reasonable attorney's fees pursuant to §1692k; and

c)   Such other relief as may be just and proper.

DATED    July 8, 2010   .


　　　　　　　　　　　　　　　s/ Floyd W. Bybee
　　　　　　　　　　　　　　Floyd W. Bybee, #012651
　　　　　　　　　　　　　　**BYBEE LAW CENTER, PLC**
　　　　　　　　　　　　　　2473 S. Higley Road
　　　　　　　　　　　　　　Suite 104-308
　　　　　　　　　　　　　　Gilbert, AZ 85295-3023
　　　　　　　　　　　　　　Office: (480) 756-8822
　　　　　　　　　　　　　　Fax: (480) 302-4186
　　　　　　　　　　　　　　floyd@bybeelaw.com

　　　　　　　　　　　　　　Attorney for Plaintiff